# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 12-582 PSG (FMOx) | Date | January 24, 2012 |
|---|---|---|---|
| Title | E-Central Credit Union v. Rizaldy P. Teodosio, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present    Not Present

**Proceedings:**     **(In Chambers)  Order REMANDING case to state court**

On January 23, 2012, Defendant Rizaldy P. Teodosio ("Defendant") filed a notice of removal of an unlawful detainer action brought by Plaintiff E-Central Credit Union ("Plaintiff"). Dkt. #1.[1]  After reviewing Defendant's notice of removal and the underlying Complaint, the Court finds that it lacks subject matter jurisdiction over this case.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider sua sponte whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.  If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 87 (1991).  There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt as to the propriety of removal, federal jurisdiction

---

[1] The Notice of Removal was procedurally flawed for failing to plead the joinder or consent of all defendants to the action.  *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 12-582 PSG (FMOx) | Date | January 24, 2012 |
|---|---|---|---|
| Title | E-Central Credit Union v. Rizaldy P. Teodosio, et al. | | |

must be rejected.  *Id.* at 567.

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[A] defendant may not remove a case to Federal court unless the *plaintiff's* complaint establishes that the case arises under Federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).  Here, the Complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the Complaint, it is clear that no basis for federal question jurisdiction exists.

Defendant's notice of removal argues the Court has jurisdiction because Plaintiff has allegedly violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220, in the form of defective notice.  *Not.* ¶ 8.  As an initial matter, numerous courts have held the PTFA does not create a private right of action.  *See, e.g., Nativi v. Deutsche Bank Nat. Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *5 (N.D. Cal. May 26, 2010).  Second, under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal.  *See Takeda v. Nw. Nat'l Life Ins. Co*., 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, SA CV 08-414 AHS (RNBx), 2008 WL 1970186, at *1 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

Furthermore, there is no diversity jurisdiction in this matter.  For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met.  *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a).  Here, Defendant's notice of removal fails to establish Plaintiff's state of incorporation or principal place of business.  Also, from the face of Plaintiff's Complaint, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000.  The Complaint states that the amount demanded does not exceed $10,000.  *Compl.* at 1.  Thus, diversity jurisdiction is lacking.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS - 6

| Case No. | CV 12-582 PSG (FMOx) | Date | January 24, 2012 |
|---|---|---|---|
| Title | E-Central Credit Union v. Rizaldy P. Teodosio, et al. | | |

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and REMANDS this case to Los Angeles Superior Court.

**IT IS SO ORDERED.**